**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CESAR CHACON,

Movant,

vs.

No. CV 16-00580 RB/GBW
No. CR 08-00792 RB

UNITED STATES OF AMERICA,

Respondent.

**MEMORADUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings upon Movant Cesar Chacon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 75). The Court will dismiss the Motion for lack of jurisdiction because the Motion is a second or successive § 2255 motion. Also before the Court is Chacon's Motion for Appointment of Counsel (CV Doc. 2, CR Doc. 76). Counsel was appointed for Chacon on May 20, 2016. (*See* CR Doc. 74). The Court will deny the Motion as moot.

On April 17, 2008, Chacon was indicted on two counts of possession of marijuana with intent to distribute. (Doc. 20). Chacon was sentenced and final judgment was entered by the Court on November 24, 2008. (CR Doc. 30, 31). Chacon filed his first § 2255 motion to vacate his sentence on May 3, 2010. (CR Doc. 46). In his motion, he raised issues of miscalculation under the Sentencing Guidelines, deprivation of the opportunity to participate in preparation of the Presentence Report, improper classification as a career offender, and ineffective assistance of counsel. (CR Doc. 46 at 5-8). The Court adopted the Magistrate Judge's Proposed Findings and

Recommended Decision, denying the motion. (CR Doc. 52, 53). Final judgment was entered on the § 2255 motion on March 7, 2011. (CR Doc. 54). Chacon's present, second § 2255 motion was filed on June 13, 2016. (CV Doc. 1, CR Doc. 75).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Chacon has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. Moreover, even if Chacon were to move under § 2243(b)(3)(A), he could not obtain authorization because he cannot meet the requirements for certification under § 2255(h). In his second motion, Chacon seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). His motion, then, appears to proceed on an argument that there is a new rule of constitutional law permitting collateral review, and he makes no contention challenging his sentence based on newly discovered evidence. The Supreme Court's ruling in *Johnson*, however, does not apply to Chacon's sentence.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is impermissibly vague and imposing an increased sentence under the

residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Chacon's sentence, however, was not enhanced under the residual clause of the ACCA. Instead, his sentence was imposed based on his prior felony convictions for controlled substance offenses under U.S.S.G. § 4B1.1(a). Chacon does not meet the requirements of § 2255(h) for a second or successive motion challenging his sentence. The Court lacks jurisdiction to consider the motion.

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Applying *Cline,* the Court determines it is unlikely Chacon would prevail on the merits of a *Johnson* 2255 motion. It is not in the interest of justice, the Court declines to transfer, and will dismiss this matter for lack of jurisdiction.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Chacon has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Cesar Chacon's Motion Under 28 U.S.C. § 2255 filed June 13, 2016 (CV Doc. 1; CR Doc. 75) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered. **IT IS FURTHER ORDERED** that Chacon's Motion for Appointment of Counsel (CV Doc. 2, CR Doc. 76) is **DENIED** as moot.

________________________________
UNITED STATES DISTRICT JUDGE